UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CHARLEY IVY ALDRIDGE**                                                           **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:15CV-P33-JHM**

**MITCH HAMPTON**                                                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charley Ivy Aldridge, a prisoner currently incarcerated at the Western Kentucky Correctional Complex, filed a *pro se* complaint under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

For the reasons that follow, the Court will allow the Fourth Amendment excessive-force claim, the Fourth Amendment inappropriate-search claim, and the claims brought under the Kentucky Constitution seeking monetary damages to proceed against Defendant in his individual capacity. All other claims will be dismissed from this action.

**I. SUMMARY OF CLAIMS**

Plaintiff sues one Defendant in this action, Mitch Hampton. She identifies the Defendant as a "State Trooper of the Kentucky State Police" and states that he is stationed in Henderson County, Kentucky. Plaintiff sues Defendant in both his individual and official capacities. As relief, she seeks "monetary damages and injunctive relief be left open at this time and to be further negotiated."

Plaintiff states the facts of this action as follows:

On November 3, 2014, the Plaintiff was involved in a police vehicle chase in which she was implicated as a criminal suspect in a fleeing vehicle, along with her boyfriend. The pursuit began in Owensboro (Daviess County), Kentucky, and led to Spotsville (Henderson County), Kentucky. After coming to a stop, the Plaintiff and her botfriend attempted to escape on foot. When Plaintiff exited the vehicle, she hit her head upon the top inside frame, and this significantly reduced her efforts to flee. The Defendant did not consider her slowed evasion; he continued the apprehension very aggressively. He ordered the Plaintiff to get on the ground, and he jumped on her back. She voluntarily placed her hands behind her back, and then after gripping her wrists and placing her in this subservient position, he punched her in the back. This act was unnecessary and uncalled for because Plaintiff had yielded to the arrest at this point since she knew she no longer had any chance to escape. She believes that resisting arrest was a matter of the Defendant's opinion and that he had an exaggerated, or even bias, view of the Plaintiff's actions. So although she showed no struggle, the Defendant continued to use extreme force. He bent her wrists excessively while placing handcuffs on her, and then tightened them twice to the extent of causing her to scream and breaking the skin on her left wrist. At times during the occurrence, the Plaintiff asserts that she was called disrespectful, vulgar names, such as "bitch," by the Defendant.

When she was lifted from the ground, the Defendant led the Plaintiff to his police vehicle and proceeded to conduct a search of her person. The Plaintiff felt uncomfortable with having a male take it upon himself to place his hands anywhere on the body of a female. The Plaintiff's instincts were correct: he moved his hands about in her breast area to search, and when he searched her back pants pockets, he pinched at them (thus pinching her butt also) instead of patting or smoothing his hand over the pockets to detect whether or not anything was in them.

After the Plaintiff's arrival to the Daviess County Detention Center, she made a brief report of the incident to a guard, Sergeant Jack Jones, who informed her that he unfortunately had no jurisdiction to investigate the complaint. The plaintiff notified the medical staff of her injuries, and they completed a medical report for her. (See attachment: Medical Progress Note, one page). She now has a scar on her wrist, and she was severely bruised. The Plaintiff received a visit from a friend . . . while at the Daviess County Detention Center, and he took pictures of the injuries. She has been unable to retain copies of these pictures, but she will request that [her friend] be subpoenaed to provide them when proceedings begin.

## II. **STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

*A. Federal Constitutional Claims*

   *1. Official-Capacity Claims*

Under the Eleventh Amendment to the U.S. Constitution,[1] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("This [Eleventh Amendment] withdrawal of jurisdiction effectively confers an immunity from suit. Thus, 'this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'") (quoting *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974)); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984) ("[I]f a lawsuit against state officials under 42 U.S.C. § 1983 alleges a constitutional claim, the federal court is barred from awarding damages against the state treasury even though the claim arises under the Constitution. Similarly, if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim.") (citation omitted); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and [one of its departments] is barred by the Eleventh

---

[1]"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

Amendment, unless [the State] has consented to the filing of such a suit."). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

The Eleventh Amendment similarly bars damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity).

Accordingly, the claim against Defendant Hampton in his official capacity seeking monetary damages is barred by Eleventh Amendment immunity, and this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

### 2. *Individual-Capacity Claims*

#### a. *Excessive-Force Claim*

Plaintiff asserts that Defendant violated the Eighth Amendment's prohibition against cruel and unusual punishment when he arrested her. Plaintiff's claim that Defendant used excessive force in the course of her arrest is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007) (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)).

"In determining the reasonableness of the manner in which a seizure is effected, [the court] 'must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" *Scott v. Harris*, 550 U.S. 372, 383 (2007) (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)). "This standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002). In determining whether an officer's use of force was objectively reasonable, a court must consider the facts and circumstances of each particular case, including 1) the severity of the crime at issue; 2) whether the suspect poses an immediate threat to the safety of the officers or others; and 3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Marvin v. City of Taylor*, 509 F.3d at 245 (citing *Graham v. Connor*, 490 U.S. at 396). The Sixth Circuit has also found that "the definition of reasonable force is partially dependent on the demeanor of the suspect." *Id*. (quoting *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 174 (6th Cir. 2004)).

Accordingly, the Court will dismiss the Eighth Amendment excessive-force claim pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Fourth Amendment excessive-force claim against Defendant in his individual capacity will be allowed to proceed past initial screening.

### b. *Unreasonable-Search Claim*

Plaintiff does not appear to be challenging the legality of the pat-down search incident to her arrest. Rather, it appears that "[t]his case . . . is about the manner in which an arresting officer conducted a search incident to arrest, a subject which has long been viewed as

6

appropriately addressed under the Fourth Amendment." *Wyatt v. Slagle*, 240 F. Supp. 2d 931, 938 (S.D. Iowa 2002) (citing *United States v. Edwards*, 415 U.S. 800, 802-03 (1974); *United States v. Robinson*, 414 U.S. 218, 235 (1973)); *see also Burke v. Cicero Police Dep't*, No. 507-CV-624 (FJS/DEP), 2010 WL 1235411, at *6 (N.D.N.Y. Mar. 31, 2010) ("[W]hen a plaintiff claims that inappropriate touching has occurred during a search, the relevant inquiry is whether the officer's actions ran afoul of the Fourth Amendment."). The Fourth Amendment proscribes unreasonable searches and seizures. *Graham v. Connor*, 490 U.S. at 396-97; *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989). "What is reasonable, of course, 'depends on all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself.'" *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. at 619 (quoting *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985)).

Upon consideration, the Court will allow the Fourth Amendment unreasonable-search claim against Defendant in his individual capacity to proceed past initial screening.

### c. Due Process Claim

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. at 395). Since there is a particular textual source of constitutional protection for the alleged wrongful activity about which Plaintiff complains, the Fourteenth Amendment's Due Process Clause claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### *d. Equal Protection Claim*

The Fourteenth Amendment's Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause . . . 'is essentially a direction that all persons similarly situated should be treated alike.'" *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To prove a violation of the Equal Protection Clause, a plaintiff must allege an invidious discriminatory purpose or intent. *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 274 (1979); *Washington v. Davis*, 426 U.S. 229, 239 (1976) "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. at 279.

Plaintiff fails to set forth any facts showing how she was treated differently from others similarly situated to her. Further, the complaint is void of any factual allegation that supports an invidious discriminatory purpose or intent on the part of Defendant. Plaintiff does not allege that Defendant engaged in a course of conduct because of its impact on a certain group of people. The Court is not required to accept bare legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557).

For these reasons, Plaintiff's Fourteenth Amendment Equal Protection claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### *3. Request for Injunctive Relief*

Plaintiff not only seeks monetary damages, but she also seeks injunctive relief. However, she fails to state what injunctive relief she seeks. She requests only that "injunctive relief be left open at this time and to be further negotiated." Prospective injunctive relief is not barred by Eleventh Amendment immunity against individuals in their official capacities. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) (recognizing that the Supreme Court has "held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law"); *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000) (finding that "[t]he district court correctly determined that the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983").

While prospective injunctive relief is not barred, Plaintiff fails to state the specifics of the injunctive relief she seeks. It is unclear based on the facts and claims she raises what type of prospective injunctive relief would be available to her since she is not challenging any of the policies or procedures which govern the claims about which she complains. Further, she fails to provide any facts to indicate she might again be subjected to the alleged wrongful behavior of Defendant. There appears to be no claim for injunctive relief that would be appropriate under the circumstances alleged in this case. Thus, Plaintiff's request for injunctive relief is moot. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (noting that since plaintiff was no longer incarcerated at the institution where the alleged wrongful activity occurred, the injunctive relief request was moot); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (stating that "injunctive relief may be ordered by the courts when necessary to remedy . . . conditions fostering unconstitutional threats of harm to inmates" and finding that the plaintiff's

complaint could not "be read to allege an ongoing constitutional violation by defendants because [plaintiff was] no longer incarcerated at [the institution] where the events that form the basis for his allegations . . . took place"); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (holding that the district court properly dismissed the injunctive relief claims as moot since there was no showing that plaintiff would "again be subject to the alleged illegality").

Accordingly, Plaintiff's claim seeking injunctive relief will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### B. *State Constitutional Claims*

Plaintiff alleges that Defendant violated "the Fourth Amendment of Kentucky Constitution, when he treated her with cruel and unusual punishment during her arrest." She further alleges Defendant violated "the First Amendment of the Kentucky Constitution to defend her liberty and pursuit of safety and happiness, when he used arbitrary and undue external force to detain."

Upon consideration, the Court will allow the claims under the Kentucky Constitution to proceed.

### IV. <u>ORDER</u>

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** as follows: (1) the official-capacity claims seeking monetary damages are **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(2) since they seek monetary relief from a Defendant who is immune from such relief; (2) the claim seeking injunctive relief is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (3) the Eighth Amendment excessive-force claim is **DISMISSED** pursuant to

28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (4) the Fourteenth Amendment Due Process claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and (5) the Fourteenth Amendment Equal Protection claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Fourth Amendment excessive-force claim, the Fourth Amendment inappropriate-search claim, and the claims under the Kentucky Constitution will proceed against Defendant in his individual capacity.

The Court will enter a separate Scheduling Order directing service and governing the development of the continuing claims. In permitting these claims to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date: June 11, 2015

*[Signature]*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
       Defendant
4414.003