UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CHARLEY IVY ALDRIDGE                                             PLAINTIFF

v.                                         CIVIL ACTION NO. 4:15CV-33-JHM

MITCH HAMPTON                                                    DEFENDANT

## MEMORANDUM OPINION

On January 23, 2017, the Court entered a show cause Order in this action.  Plaintiff

responded to the Order (DN 40), and Defendant replied (DN 41).  This matter is now ripe for

ruling.

## I.

On February 27, 2015, Plaintiff Charley Ivy Aldridge, then a prisoner incarcerated at the

Kentucky Correctional Institute for Women,[1] filed a *pro se* complaint under 42 U.S.C. § 1983

against Sgt. Mitch Hampton of the Kentucky State Police.  The Court performed initial review of

the complaint and allowed the Fourth Amendment excessive-force claim, the Fourth Amendment

inappropriate-search claim, and the claims brought under the Kentucky Constitution seeking

monetary damages to proceed against Defendant in his individual capacity.  All of the other

claims were dismissed from this action.

The Court entered the first scheduling Order in this action on June 15, 2015 (DN 8).

Therein, the parties were directed to complete all pretrial discovery no later than October 23,

2015.  The parties were ordered to produce all records and documentation relevant to the claims

to the opposing party (required discovery disclosures) and file a certification with the Court of

---

[1] Soon thereafter, Plaintiff filed a notice of change of address to Western Kentucky Correctional Complex (DN 6). On February 1, 2016, Plaintiff filed a notice of change of address to Dismass Charities in Louisville, Kentucky (DN 23).  On July 11, 2016, Plaintiff filed a notice of address change with the Court to what appears to be a private residence (DN 31).

having done so by the October 23, 2015, date.  Plaintiff was given until November 23, 2015, to file her pretrial memorandum setting forth in detail the facts upon which she bases her claims; Defendant was given until December 23, 2015, to file his pretrial memorandum; and the Order gave the parties until December 23, 2015, to file all dispositive motions.

On October 15, 2015, Plaintiff filed her first motion for an extension of time to complete discovery (DN 14).  Therein she stated that Western Kentucky Correctional Complex (WKCC) was "transitioning the compound from females to males and therefore [she] had no access to any legal material."  Defendant opposed the extension (DN 15).  The Court granted the motion to extend the time for discovery and entered a revised scheduling order (DN 21).  In the revised scheduling Order, the parties were directed to complete all pretrial discovery by February 23, 2016.  The parties were ordered to make their required discovery disclosures to the opposing party and file a certification with the Court of having done so by February 23, 2016.  Plaintiff was given until March 23, 2016, to file her pretrial memorandum; Defendant was given until April 25, 2016, to file his pretrial memorandum; and the Order gave the parties until April 25, 2016, to file all dispositive motions.

On October 21, 2015, Defendant filed a discovery disclosure statement with the Court (DN 16).  On that same date, Defendant also filed with the Court notices that he had served interrogatory requests and requests to produce documents on Plaintiff (DNs 17 & 18).

On November 30, 2015, Plaintiff filed a motion requesting the appointment of counsel (DN 19).  The motion was denied by the Court (DN 22).  On February 1, 2016, Plaintiff submitted a notice of change of address to the Court (DN 23).  At that time she indicated that she was being transferred to Dismass Charities in Louisville, Kentucky.

On February 24, 2016, Plaintiff filed a second motion for an extension of time to complete discovery (DN 24).  Therein she stated that she was released from WKCC on January 4, 2016, to "an all in-house treatment facility," and she was not able to access any legal materials.  Defendant opposed this second request for an extension of time to complete discovery stating that Plaintiff had done nothing to move the case forward and that Plaintiff had not responded to any of his discovery requests (DN 25).

The Court granted this second motion for an extension of time (DN 27).  In this second revised scheduling Order, the parties were directed to complete all pretrial discovery by May 27, 2016.  The parties were ordered to make their required discovery disclosures to the opposing party and file a certification with the Court of having done so by May 27, 2016.  Plaintiff was given until June 27, 2016, to file her pretrial memorandum; Defendant was given until July 27, 2016, to file his pretrial memorandum; and the Order gave the parties until July 27, 2016, to file all dispositive motions.  In the second revised scheduling Order, the Court warned Plaintiff that "failure to comply with this Order and Second Revised Scheduling Order MAY RESULT IN A DISMISSAL OF THIS CASE."

On May 26, 2016, Defendant filed a document with the Court titled, "Defendant's Compliance With Court Order Regarding Discovery" (DN 28).  In this filing, Defendant stated that he had provided all of the names of witnesses with relevant information regarding the continuing claims to Plaintiff and had provided Plaintiff with all documents related to the remaining claims.  Defendant also informed the Court that Plaintiff had served no discovery on him and that Plaintiff failed to respond to any discovery that Defendant had served on Plaintiff.

On June 1, 2016, Plaintiff filed a third motion for an extension of time to complete discovery (DN 29).  Again she stated that she was in an "in house treatment facility" and was

"scheduled to be released on July 5, 2016."  The Court granted the motion and reset the

discovery deadlines in this case (DN 34).  In this third revised scheduling Order, the parties were

directed to complete all pretrial discovery by October 17, 2016.  The parties were ordered to

make their required discovery disclosures to the opposing party and file a certification with the

Court of having done so by the October 17, 2016, date.  Plaintiff was given until November 17,

2016, to file her pretrial memorandum; Defendant was given until December 19, 2016, to file his

pretrial memorandum; and the Order gave the parties until December 19, 2016, to file all

dispositive motions.  In this third revised scheduling Order, the Court warned Plaintiff that

"failure to comply with this Order and Third Revised Scheduling Order MAY RESULT IN A

DISMISSAL OF THIS CASE."

Defendant has filed his pretrial memorandum twice (DNs 32 & 38), and he has filed two

similar motions for summary judgment and for sanctions (DNs 33 & 37).  The Court ordered

Plaintiff to file a response to the first motion for summary judgment and for sanctions (DN 36);

however, she failed to comply with that Order.  The time to complete discovery as extended in

the Third Revised Scheduling Order has now expired, and Plaintiff has not filed her required

discovery disclosure certification or her pretrial memorandum with the Court.  Defendant

represents that Plaintiff has not responded to any of his discovery requests or propounded any

discovery on him (DNs 28, 33 & 37).  Thus, the Court entered a show cause Order directing

Plaintiff to show cause why this action should not be dismissed.

## II.

In response to the Court's show cause Order, Plaintiff states that "she was incarcerated

and was not released until July 5, 2016, with no access to legal representation, nor legal literature

or library."  She states that she was "then ordered to attend Intensive Outpatient Program, in

which [she] had to devote most of [her] time and efforts to." She states that she completed the program on February 16, 2017. Additionally, Plaintiff states that she needed to transition back into her children's lives. Plaintiff also represents that she has "had several calls in to different attorneys and am not having much success with contacting one that would help me understand the lingo of a lot of the documents." She requests the Court to grant her "one last extension of time."

Defendant opposes any extension. He states that Plaintiff filed this action "almost exactly two years ago," . . . and "[w]ithout any exaggeration, the Plaintiff has utterly failed to do anything contained within the scheduling order other than keep the Court up to date on address changes." Defendant contends that Plaintiff has failed to show cause and the Court "should not condone her absolute and repeated refusals to comply with the Court's orders."

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). In evaluating dismissals for failure to prosecute, the Sixth Circuit applies the following four-factor test: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Saulsberry v. Holloway*,

622 F. App'x 543, 545 (6th Cir. 2015).  "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."  *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).  "Contumacious" is defined as "perverse in resisting authority" and "stubbornly disobedient."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Webster's Third New International Dictionary* 497 (1986)).  "[F]ailure to respond to a discovery request may constitute contumacious conduct."  *Barron v. Univ. of Mich.*, 613 F. App'x 480, 484 (6th Cir. 2015).

In the present case, the Court granted three motions filed by Plaintiff for extensions of the discovery time in this case and entered four different scheduling Orders.  Plaintiff failed to comply with any of the deadlines imposed by any of the four scheduling Orders.  She failed to "provide counsel for Defendant any records or documentation relevant to her remaining claims" as required by the scheduling Orders.  She did not file a pretrial memorandum as required by the Court's scheduling Orders.  Plaintiff did not respond to Defendant's motion for summary judgment despite the Court ordering her to do so.  Plaintiff did not respond to any of the discovery propounded upon her by Defendant.  Plaintiff contends that she could not comply with this Court's deadlines and Orders because she was incarcerated and had no access to legal materials.  However, many incarcerated persons with limited access to legal materials filed lawsuits, yet they are expected to comply with court deadlines.  *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (wherein the Court did not allow incarceration and *pro se* status excuse untimely filing of a motion to vacate); *Williams v. Hollins*, 428 F.2d 1221, 1222 (6th Cir. 1970) ("We can discern no reason why the statute should be tolled because the appellant was

incarcerated.").  Plaintiff has utterly failed to explain how her incarceration kept her from proceeding in this matter in a timely manner.

Further, Plaintiff was released from incarceration almost eight months ago, yet she still failed to comply with deadlines and did not respond to motions filed by Defendant.  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *Jourdan v. Jabe*, 951 F.2d at 110.  "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110).  The Court finds that Plaintiff's conduct clearly evinces her willfulness and fault, and it represents a clear record of delay.

The second factor looks at prejudice to Defendant.  Prejudice occurs when "the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'"  *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).  In the present case, Defendant has had to respond to Plaintiff's repeated motions for extensions and to file two motions for sanctions because of Plaintiff's failure to cooperate in discovery.  Defendant has repeatedly had to re-file his pretrial memorandum because of the extensions.  Almost two years have passed since this action was filed without Plaintiff responding to any of

the discovery propounded upon her or taking any action other than filing address changes and requests for extensions.  The Court finds that this factor leans toward dismissal.

The third factor-whether Plaintiff was warned of the possibility of dismissal-also favors dismissal.  The Sixth Circuit "neither requires 'the district court to incant a litany of the available lesser sanctions,' nor assumes 'that lesser sanctions were not considered simply because their consideration is not articulated.'"  *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir 2013) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d at 368).  When the Court ordered Plaintiff to respond to Defendant's motion for summary judgment and sanctions, the Court warned Plaintiff that if she did not respond, the Court would consider the Defendant's motions without her response.  Plaintiff was specifically warned in the Court's second and third revised scheduling Orders that failure to comply with the Orders may result in dismissal of this action.  Further, Plaintiff is indigent, thus "it is likely that a financial sanction would have . . . no practical deterrent effect."  *Id*.

These failures to heed the Court's warnings lead the Court to conclude that the fourth factor-the consideration of less drastic actions-also favors dismissal.  The Court has no confidence that sanctions short of dismissal would be of any use here given Plaintiff's failure to engage in discovery with Defendant, failure to respond to Defendant's motions, and failure to comply with prior Court Orders.  Despite the Court ordering Plaintiff to respond to Defendant's motion for summary judgment and sanctions, she failed to do so even though she was aware of the potential consequences.  Despite the Court warning Plaintiff to comply with the new extended discovery deadlines or risk this action being dismissed, she made no attempt to even comply with the imposed discovery deadlines.  Plaintiff is clearly aware of the significance of the Court's deadlines, which is evidenced by repeated motions to extend the deadlines.  Plaintiff

clearly has had access to paper, pen, and stamps and could have attempted to move this action along, but chose not to do so.  She has blatantly disregarded deadlines and Orders of this Court without any justifiable reason as to why, especially since she could have taken many actions to do so without the need to access legal materials.  Further, almost eight months have passed since Plaintiff was released from incarceration, yet she has still failed to take any steps to respond to pending motions, engage in discovery, or comply with Defendant's discovery requests. Although she has been involved in being reunited with her children and participating in an outpatient program, these things did not prevent her nor do they excuse her from litigating this action.

   For these reasons, the Court will enter a separate Order dismissing this action.

Date: March 7, 2017

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
  Counsel for Defendant
4414.003

9